J. W. ATKINSON, Respondent, v. W. W. BURNS,
Appellant.

**Kansas City Court of Appeals, January 6, 1902.**

Justices' Courts: APPEALS: NON-RESIDENT APPELLANT: AB-
SENCE OF JUSTICE. Judgment was rendered May 27. June 6 the
justice left the State and remained away until the 23d. The appel-
lant was a non-resident and during the currency of the twenty days
and the absence of the justice prepared his bond and affidavit for
appeal, but did not file the same by reason of such absence. He did,
however, file them on the fifth day of July. *Held*, he was entitled to
twenty consecutive days to perfect his appeal and not having this
he was entitled to pursue the method provided in section 4066, Re-
vised Statutes 1899, which allowed him to take the appeal under the
same circumstances that the circuit court could have granted such
appeal under section 4065.

Appeal from Cass Circuit Court.—*Hon. Wm. L. Jarrott,*
Judge.

REVERSED *(with directions).*

*Dan'l B. Henderson* and *William R. Moore* for appel-
lant.

(1)   The Revised Statutes of Missouri 1899, section
4065, provides the remedy to be pursued when the justice fails
to allow the appeal.   This remedy is by rule and attachment
to be issued by the circuit court to compel the justice to allow
the appeal, and mandamus can not be resorted to.   Wheeler
v. McAuliffe, 48 Mo. 112; Railroad v. Frank, 55 Mo. 325.
Section 4065, Revised Statutes 1899, is equitable in its na-
ture and should be liberally construed.   Morris v. Scherer,
76 Mo. App. 406.   (2)   Section 4066, Revised Statutes

1899, governs and clearly and expressly covers this case. Long Brothers v. Bolen Coal Co., 56 Mo. App. 605; Devore v. Staeckler, 49 Mo. App. 547; Jester v. McKinney, 47 Mo. App. 62.

*A. A. Whitsitt* for respondent.

(1) The jurisdiction of the circuit court, in cases appealed to it from justices of the peace, is acquired in a special and statutory manner, and it is necessary in every case that it should appear somewhere by the record that an appeal was granted in compliance with law. Kelm v. Hunkler, 49 Mo. App. 670; Green v. Castello, 35 Mo. App. 127. (2) An appeal not taken in time, from a justice of the peace, will confer no jurisdiction on the circuit court, though both parties appear for trial. Robinson v. Walker, 45 Mo. 117; Moore v. Minkler, 3 Mo. App. 596; Green v. Castello, 35 Mo. App. 134. (3) Appeals must be made within ten days after the judgment, unless the party is a non-resident of the county, in which cases they shall have twenty days to make such appeal from the justice. R. S. 1899, sec. 4060; Topping v. Grant Mfg. Co., 84 Mo. App. 42.

BROADDUS, J.—This cause originated in a justice's court. It was tried on the twenty-seventh day of May, 1899, before C. O. Race, a justice of the peace in and for Pleasant Hill township, Cass county, and judgment rendered for plaintiff against the defendant for $250. The record shows that the defendant was a non-resident of the State.

On the sixth day of June, 1899, said justice Race left the State and remained out of it until the twenty-third of June following, when he returned. During the absence of the justice, and within twenty days from the date of said judgment, the defendant's attorney prepared an affidavit and bond for appeal to the circuit court, and sent the same to one George

Gosch to file with the said justice Race, but the former learned of the absence of the latter from the State and therefore did not file said affidavit and bond for appeal until the fifth of July, following the return of the justice to the State; the latter then certified the case to the circuit court, with the bond and affidavit for appeal.

On the fourth day of September next, it being the first day of the September term of the Cass Circuit Court, the plaintiff filed a motion to dismiss the appeal on the following grounds, to-wit: "1. Because the justice had no legal authority to allow the appeal. 2. Because no application for an appeal was made within the time prescribed by law. 3. Because no order has been issued by this court allowing such appeal. 4. Because it is shown that at the time the affidavit for appeal was made out by D. B. Henderson, attorney for defendant, and by him mailed to George Gosch, to be by him filed with the justice; that he instructed said Gosch not to file said affidavit until after the time for appeal had expired."

On the sixth day of September the court sustained said motion to dismiss defendant's appeal. On the same day, defendant filed a motion to have said order dismissing his appeal set aside; and on the ninth day of September he filed a motion for a rule on the justice to amend his certificate, which said motion was the same day sustained by the court, who set aside the order dismissing the appeal and reinstated said cause. Whereupon defendant filed a motion to have the justice amend his transcript. On the fourteenth of September, said motion was sustained and in compliance with the order of the court the justice, in open court, amended said transcript, which latter, as so amended, shows the fact of the absence of the justice from the State from the twenty-seventh of May until the twenty-third of June, as aforesaid.

At the January term of said court for 1900, the plaintiff refiled his motion to dismiss the appeal, which was overruled by the court on the eleventh of January. At said last-

named date a trial was had before the judge, a jury being waived by the parties, and finding and judgment had for de· fendant. On plaintiff's motion for a new trial the same was granted and judgment set aside. The defendant elected to stand on the finding and judgment in his favor, and appealed.

It is conceded by the parties to the suit that the motion for new trial was sustained on the ground that the court had no jurisdiction of the case for the reason that the appeal from the justice had not been taken as provided by law. This is the only question presented to us by the counsel in the case. As the defendant was a non-resident of the county, he was entitled to twenty days in which to perfect his appeal. R. S. 1899, sec. 4060. The judgment was rendered on the twenty-seventh of May; before the expiration of twenty days the justice left the State and did not return until some time in July, too late for the defendant to take his appeal. But it appears that during the absence of the justice, the defend- ant's attorney prepared an affidavit and bond for appeal which were of course not filed until after the return of the justice to the State in July.

The defendant's attorney, Mr. Henderson, says that he prepared and sent to Mr. Gosch the affidavit and bond for ap- peal within twenty days after the rendition of the judgment on the twenty-seventh of May. Mr. Gosch received the same, but made no attempt to file them because he learned of the absence of the justice from the State. It therefore seems that the defendant made the necessary preparation to take his ap- peal within the time allowed by law. The fact that he did not file his affidavit and bond with the justice immediately on the latter's return to the State, which was the twenty-third of June, is immaterial. He did file them on the fifth of July, following, which was within a reasonable time. On the next day (July 6) the justice allowed the appeal and sent up the papers to the circuit court, however omitting to state that the appeal was delayed by reason of his absence from the State,

but which defect was remedied, as aforesaid, in the circuit court in response to an order of the court for him to amend his certificate.

The theory of the respondent is, that as the judgment was rendered on the twenty-seventh of May, and the justice did not leave the State until the sixth of June, and returned to the State on the twenty-third of June, the defendant's time for taking an appeal expired on the third of July. In other words, that the justice was in the State nine days after judgment was rendered, before he left the State, and returned and was in the State thirteen days before defendant filed his bond and affidavit for appeal, making in all twenty-two days of the justice's presence in the State, and therefore the appeal taken was not in time. The trouble about this theory is, that the statute allowed the defendant twenty days, consecutively, to take his appeal. Not having had the statutory time for doing so, he resorted to the method pointed out in section 4066, Revised Statutes 1899. Section 4065, Revised Statutes 1899, provides: "If by absence, sickness, or any other cause" on the part of the justice, "an appeal can not be taken in time, the circuit court, . . . on such fact satisfactorily appearing, may by rule and attachment compel the justice to allow the same."

The defendant could have had, under the statute, until the next regular term of the circuit court of Cass county, without reference to the number of days before it would convene, to apply to said court in session for a rule and attachment to compel the justice to allow the appeal, or he could have applied to the judge in vacation, at any reasonable time after the return of the justice to the State, for such order. But he elected to proceed under said section 4066, supra, which provides: "If in any case the justice shall allow an appeal, and certify to his certificate the cause of his failure to allow the same at the proper time, such appeal shall be sustained, when it would have been competent for the court to

have ordered the same." If, therefore, the justice could have been compelled to have allowed the appeal under said section 4065, of which there can be no doubt, then the appeal taken was legal, since said appeal was allowed on the sixth of July, at which time it would have been legal for the circuit judge in vacation to have ordered the justice to allow the same; hence, we do not find any room for controversy.

The action of the circuit court in setting aside said finding and judgment was erroneous, and the cause is reversed with directions to have said finding and judgment of the circuit court, in favor of defendant, restored; and the subsequent judgment setting the same aside and awarding a new trial, is held for naught. All concur.